Case 3:05-cv-01523-N Document 12 Filed 10/11/05 Page 1 of 5 PageID 28

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 11 2005
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARLINGTON NNABUIHE, A29-077-874, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF IMMIGRATION AND ) <br> CUSTOMS ENFORCEMENT, ) <br> Respondent. ) | 3:05-CV-1523-N |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are Petitioner's habeas corpus petition and request for stay of deportation/removal, filed on July 28, 2005, and Respondent's motion to dismiss for lack of jurisdiction, filed on August 25, 2005.

At the time of filing this action, Petitioner was in the custody of the Bureau of Immigration and Customs Enforcement (ICE) at the Rolling Plains Detention Center in Haskell, Texas. His current place of confinement is unknown. Respondent is ICE.

Petitioner filed this habeas corpus petition seeking to stay his removal pending a ruling by the Board of Immigration Appeals (BIA) on a motion to reconsider. (Petition (Pet.) at 1). Although he acknowledged that such a stay could be sought through the BIA, he decided to file this petition fearing that ICE would remove him before an order was issued by the BIA. (Pet. at 2). In addition to requesting a stay, Petitioner sought to challenge the order of removal. He alleged that his removal was based on an erroneous ground and that he was eligible for relief from removal due to his continuous residence in the United States for nineteen years and his United States citizen spouse and children. (Pet. at 3-5).

In response to this Court's order to show cause, Respondent filed a motion to dismiss the habeas corpus petition on jurisdictional grounds, alleging that the REAL ID Act withdraws habeas jurisdiction to review removal orders from the district court. Respondent correctly noted that Petitioner's motion to reconsider was denied on December 30, 2004, and that at the time of filing this action Petitioner had a motion to reissue the December 30, 2004 order pending before the BIA. (Mot. to Dism. at Exh. A, p. 3). On August 18, 2005, the BIA granted Petitioner's request to reissue the December 30, 2004 order. (Id.).

On August 31, 2005, Respondent notified the Court that ICE had transferred Petitioner to New York and that he would be removed the next day. The Magistrate Judge immediately granted Petitioner's request for a stay of removal until further order of the Court. Neither Respondent nor Petitioner has informed the Court of Petitioner's current place of confinement and mailing address.

## ANALYSIS

The Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal. Section 106 of the REAL ID Act (codified at 8 U.S.C. § 1252), added *inter alia* the following jurisdictional provision:

> (5) Exclusive Means of Review-Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means of judicial

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 6 U.S.C. § 1252(b)(2).

review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5).

The REAL ID Act also provided that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal" that is "*pending* in a district court on the date of the enactment" of the REAL ID Act – May 11, 2005. REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

Petitioner's habeas corpus petition falls within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), because it seeks review of an order of removal and a stay of the same. Therefore, this Court lacks jurisdiction to review the merits of the petition or to issue a stay of the removal order. Moreover, according to the plain language of the statute, this Court may not transfer this case to the court of appeals because the petition was not pending on May 11, the date that Congress passed the REAL ID Act. See Robinson v. Mule, 2005 WL 1971893, *1-2 (W.D.N.Y., Aug. 15, 2005) (dismissing for lack of jurisdiction habeas corpus petition filed after the effective date of the REAL ID Act); McDonald v. Mule, 2005 WL 1971896, *1-2 (W.D.N.Y., Aug. 9, 2005) (same); Munoz v. Gonzalez, No. 05 Civ. 6056(SHS), 2005 WL 1644165, *1 (S.D.N.Y., Jul. 11, 2005) (same).

## CONCLUSION

IT IS THEREFORE ORDERED that Respondent's motion to dismiss for lack of jurisdiction pursuant to the Real ID Act of 2005 is GRANTED, and that the habeas corpus petition is hereby DISMISSED without prejudice to it being refiled in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.[2]

Signed this 11 day of October, 2005.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

---

[2] As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals. REAL ID Act, § 106(a)(1)(B). In this case it is unclear which Immigration Judge completed the immigration proceedings and where. Therefore, the Court cannot say which circuit court of appeals would be the appropriate court for Petitioner's case.

# CASE CLOSED

**CASE NUMBER:** <u>3:05-CV-1523-N</u>

**DATE:** <u>10-11-05</u>

**TRIAL HELD:** <u>  NO  </u>